UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM D. COPE JR.**                                                    **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 3:15CV-P258-TBR**

**JUDGE DOLLY WISMAN BERRY**                                         **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff William D. Cope Jr., a pre-trial detainee currently incarcerated in the Louisville Metro Department of Corrections, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff names one Defendant in this action, Judge Dolly Wisman Berry. He identifies Defendant as a "Family Court Judge" in Jefferson County, Kentucky. Defendant is only sued in her official capacity. Plaintiff seeks monetary damages, punitive damages, injunctive relief, and other relief. As injunctive relief, Plaintiff seeks "Exspungment of All Adult Records." The other relief Plaintiff seeks is to "[l]ock MRs. WAndA WilsoN up FoR PeRjuRy."

In his complaint, Plaintiff states as follows:

On 5/19/14 • or • 5/20/14 I went in fRont of Judge Dolly WismaN BeRRy CoNceRNing FAlsificAtioNs of A EmergeNcy Protective order made By MRs. WANdA Joyce WilsoN out of VeNge Full RetAlliAtioNs And her owN PeRsoNAl gReed to ExsteRt MoNey FRom the WelFAre Dept. iN my NAme And My SociAl SecuRity DisAbility BAck pAyment BeNifitts. MRS. BeRRy ORdeRed ME to hAve No ContAct and to stAy AwAy FRom (2) Listed AddResses which MRs. Wilson used elligAlly to CoNtAiN and ConfiNe me By

violAting the CompliANce LAws of my obligAtioNs to the Ky. Sex OffendeR RegistRy on July 26, 2014 theN in August MRs. WilsoN CoNfessed to Lieing to keep fRom getting Evicted By heR LANd Lord theN Sept. 25th she CoNfessed to CiRcuit About giving FAlse stAtements to CoNfiNe me FoR FAiluRe to comply with the Sex offendeR RegistRy ANd Asked Judge BeRRy twice to Drop my chArges, which Mrs. BeRRy DeNied me BAsed on my cRimiNAl HistoRy ANd BAckgRound, oveRlooking Facts of my DiagNoses of DisAbilities, She violAted my CiviL And CoNstitutienAl Rights to be RepReseNted in opeN CouRt be FoRe QuestioNiNg me oveR MRs. WilsoN ALLigAtioNAl clAims she RecAnted on in OctobeR 2014, then ARteR Judge Dolly BeRRy Allowed Mrs. WilsoN to commit peRjuRy as faux chaRges weRe plAed on me, Judge BeRRy Refused to DRop the chARges uNless I completed ½ the clAsses of Sub. Abuse And BatteRed iNteRveNtioN-program CouRse at $20.00 A clAss, plus CouRt moNiteRing costs, As well As CouRt costs to geNerAite ReveNues FoR FAmily CouRt, I've BeeN Appointed Counsel AFteR I got FRustRaited And SLAndeRed Judge BeRRy CoNceRNing My unfaiR tReatment and GRounds For A LAw Suite, which the LAwheR is the sAme FemAle working on (3) diffeRent CAses MRs. WilsoN HAs Lied to Keep me Confined, And she mAde my $525.00 cash Bond on Nov. 3rd, 2014, I'm clue Less At this point How she CAn do thAt with A No-ContAct oRdeR in plAce?

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Plaintiff sues Defendant only in her official capacity. He identifies Defendant as a Jefferson County Family Court Judge. As such, the official-capacity claim for money damages against her is barred by Eleventh Amendment immunity. This claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Plaintiff also seeks injunctive relief, *i.e.*, "ExspuNgment of All Adult RecoRds." Because he is currently incarcerated on criminal charges, he necessarily seeks an immediate or speedier release from imprisonment in seeking expungement. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*,

411 U.S. 475, 500 (1973). The § 1983 claim for injunctive relief, therefore, fails to state a claim upon which relief may be granted. Thus, it will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, Plaintiff seeks other relief, *i.e.*, to "[l]ock MRs. WAndA WilsoN up FoR PeRjuRy." "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against Mrs. Wilson as Plaintiff requests. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972) ("The plaintiff's complaint fails to state a claim upon which relief can be granted in that none of the United States Attorneys can be compelled to investigate or prosecute alleged criminal activity."). To the extent Plaintiff seeks criminal charges to be brought against Mrs. Wanda Wilson, his claim fails to state a claim upon which relief may be granted. It too will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

There being no remaining claims in this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendant
4413.003

5